SPENCER D. C. VAN BOKKELEN, APPELLANT, *v.* GEORGE F. TAYLOR AND OTHERS, RESPONDENTS.

*Release — evidence of what was said at the time of its delivery — when admissible.*

Where there is a question raised by the evidence as to the ownership of a security alleged to have been released and satisfied, it is proper to show what took place between the parties to such release at the time of its delivery.

1st. As it might show that the party bound by the security had knowledge that it was owned by another than the one executing the release.

2d. As the delivery of the release might have been upon a condition which had never been fulfilled.

APPEAL from a judgment in favor of defendant, entered at Special Term, in an action for the foreclosure of mortgage.

The defense was that the mortgage had been released and discharged.

The evidence tended to show that at the time the release was executed, the mortgage had been assigned, and was then owned by the brother of the plaintiff and was afterward reassigned to the plaintiff. During the trial, the plaintiff offered to show what took place at the time of the delivery of the release. This evidence the court excluded.

The court found that on the 23d day of June, 1868, the said plaintiff, being the holder of the bond, mortgage and promissory note, set out in the complaint, and holding himself out to the said George F. Taylor as the owner thereof, made, executed and delivered to the said George F. Taylor, an instrument in writing, under his hand and seal, whereby, for value received, and in consideration of one dollar by said George F. Taylor in hand paid to the said plaintiff, the receipt whereof was thereby acknowledged, the said plaintiff did release the said George F. Taylor from all indebtedness due by him to the said plaintiff, either on book account, note of hand, or in any other way, bearing date prior to January 1st, 1868.

And, as matter of law, the court decided that the plaintiff was not entitled to judgment decreeing any sum due him on said bond, mortgage or note; and that the defendant, George F. Taylor, was entitled to judgment in his favor against the plaintiff.

From this judgment the plaintiff appealed to this court.

*Jesse Johnson*, for the appellant.

*D. P. Barnard*, for the respondents.

Barnard, P. J.:

I think the court erred in excluding evidence offered by plaintiff, as to what took place at the time of the delivery of the release in question. The plaintiff was attempting to foreclose a mortgage, executed to him by the defendant in 1857. He claimed that this mortgage was, in 1860, assigned by him to his brother, Adam Van Bokkelen; that Adam continued to own the same until 1873. The release is dated in 1868, and purports to release all claim which plaintiff had against Taylor. The evidence rejected was admissible upon two grounds.

In the first place, the plaintiff was entitled to prove that Taylor knew, at the time of the delivery of the release, that the mortgage in question belonged to plaintiff's brother, and could not be released by plaintiff, and was not covered by his release to defendant.

In the second place, it was competent for plaintiff to prove that the delivery of the release depended upon a condition which had not happened.

Judgment reversed, and new trial granted, costs to abide event.

Present—Barnard, P. J., and Talcott, J.

Judgment reversed and new trial granted, costs to abide event.